UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROY DONOVAN LACY,

           Petitioner,

     v.

PAUL MIYAMOTO,

           Respondent.

Case No. 21-cv-03377-HSG

**ORDER GRANTING EXTENSION OF TIME TO FILE OPPOSITION, DENYING REQUEST FOR APPOINTMENT OF COUNSEL AND FOR DISCOVERY**

Re: Dkt. No. 7

Petitioner, an inmate housed at San Francisco County Jail, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2016 conviction for second degree murder.  Dkt. No. 1.  Now pending before the Court is Petitioner's request for an extension of time to file his opposition to the motion to dismiss and a request for appointment of counsel and for discovery.  Dkt. No. 7.

## DISCUSSION

### I.    Background

On May 25, 2021, the Court found that the habeas petition stated the following cognizable claims for federal habeas relief: *Miranda* violation, erroneous admission of Petitioner's statement made in a separate case, and ineffective assistance of trial counsel; and ordered Respondent to show cause why federal habeas relief should not be granted.  Dkt. No. 3.  On October 11, 2021, Respondent filed a motion to dismiss for failure to exhaust state court remedies, arguing that the ineffective assistance of trial counsel claim is unexhausted.  Respondent argued that the petition should either be dismissed without prejudice for failure to exhaust state court remedies as to all claims, or that Petitioner should amend the petition to proceed only on the exhausted claim.  Dkt. No. 6.

United States District Court
Northern District of California

**II.      Request for Extension of Time and Appointment of Counsel**

Petitioner seeks an extension of time to file his opposition to the motion to dismiss and asks the Court to appoint counsel for him and permit him to take discovery.

Petitioner requests "as much extra time that the Court will or can grant" to prepare his opposition. He states that he is currently housed in Ad-Seg and unable to visit the law library in person. Because of this, he says he cannot take advantage of the law clerk in the library or the computer in the library that has access to Westlaw. He is instead limited to using a mail-in form for requesting legal information. He asks the Court to appoint him counsel and grant him discovery so that he is better able to proceed in this action. Petitioner says that he does not know what he is doing and does not have enough time to learn everything necessary to proceed properly. *See generally* Dkt. No. 7.

The Court GRANTS Petitioner an extension of time to file his opposition. By December 13, 2021, Petitioner shall file his opposition to Respondent's motion to dismiss for failure to exhaust state court remedies.

The Court DENIES Petitioner's request for appointment of counsel. The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801

F.2d at 1196.  Petitioner has not identified any circumstances in this action that require appointment of counsel.  The issue raised in the motion to dismiss – failure to exhaust state court remedies – is a straightforward legal issue that generally does not require the assistance of counsel to brief.  Discovery is not needed to brief this issue, as it is primarily a legal issue, not a factual issue.  Nothing in the record indicates that the interests of justice require the appointment of counsel at this time. The Court therefore exercises its discretion and DENIES Petitioner's request for appointment of counsel without prejudice to *sua sponte* appointing counsel if circumstances so require.  The Court DENIES Petitioner's request for discovery.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1.      The Court GRANTS Petitioner's request for an extension of time to file his opposition to Respondent's motion to dismiss.  By December 13, 2021, Petitioner shall file his opposition to Respondent's motion to dismiss for failure to exhaust state court remedies. Respondent shall file a reply brief in support of his motion to dismiss no later than 14 days after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

2.      The Court DENIES Petitioner's request for appointment of counsel without prejudice to *sua sponte* appointing counsel if circumstances so require.  The Court DENIES Petitioner's request for discovery.

This order terminates Dkt. No. 7.

**IT IS SO ORDERED.**

Dated:  11/15/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge