UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY DONOVAN LACY,<br><br>Plaintiff,<br><br>v.<br><br>PAUL MIYAMOTO,<br><br>Defendant. | Case No. 21-cv-03377-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE REMEDIES; REQUIRING ELECTION BY PETITIONER**<br><br>Re: Dkt. No. 6 |

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now pending before the Court is Respondent's motion to dismiss the petition for failure to exhaust state court remedies. Dkt. No. 6. Petitioner has not filed an opposition, and the deadline to do so has since passed. For the reasons set forth below, Respondent's motion is GRANTED.

**BACKGROUND**

In January 2013, a Marin County Superior Court jury found petitioner guilty of six counts of robbery arising from robberies at three bank branches (Cal. Penal Code § 211); and found true that Petitioner had two prior strike convictions, two five-year serious felony prior convictions, and four prior prison terms (Cal. Penal Code §§ 667(b)-(i); 1170.12, 667(a), 667.5(b)). The trial court sentenced Petitioner to 105 years to life. Dkt. No. 6-1 at 2-3.

On October 18, 2018, the California Court of Appeal affirmed the judgment in an unpublished opinion. Dkt. No. 6-1 at 1-18. On November 1, 2018, Petitioner filed a petition for rehearing. Dkt. No. 6-2. On November 16, 2018, the California Court of Appeal issued an order modifying the opinion and changing the judgment to remand the case to allow the trial court to exercise its discretion to consider whether to strike the enhancements for the serious felony

convictions after January 1, 2019, the effective date of the amendments to Cal. Penal Code §§ 667(a), 1385(b). Dkt. No. 6-4.

On November 26, 2018, Petitioner filed a petition for review in the California Supreme Court. Dkt. No. 6-5. In the petition for review, Petitioner raised the following claims: (1) the admission of his statements violated *Miranda v. Arizona* and *Edwards v. Arizona*; and (2) the admission of his confession to Florida crimes as if it was a confession of the California crimes violated his due process rights and was prejudicial. Dkt. No. 6-5. On January 30, 2019, the California Supreme Court denied review. Dkt. No. 6-6 at 2.

On January 20, 2021, the Marin County Superior Court declined to exercise its discretion to strike any of the enhancements for Petitioner's prior convictions. Dkt. No. 6-7.[1] Petitioner did not appeal this ruling.

On or about May 6, 2021, Petitioner filed the instant petition. Dkt. No. 1. On May 25, 2021, the Court found that the petition stated the following cognizable claims for federal habeas relief: (1) *Miranda* violation; (2) erroneous admission of Petitioner's statement made in a separate case; and (3) ineffective assistance of trial counsel. Dkt. No. 3.

## DISCUSSION

**A.    Legal Standard**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c). The state's highest court must "be alerted to the fact that the prisoners are asserting claims under the United States Constitution," *Duncan v. Henry*, 513 U.S. 364, 368 (1995), and must be given an opportunity to rule on the claims even if review is

---

[1] On May 4, 2020, while the resentencing was pending, Petitioner filed a petition for writ of habeas corpus in this Court, C No. 20-cv-3036 HSG, *Lacy v. Miyamoto* ("*Lacy I*"). On January 4, 2021, the Court dismissed *Lacy I* due to the ongoing state resentencing proceedings in Petitioner's underlying state criminal case, as required by the abstention principle set forth in *Younger v. Harris*, 401 U.S.37, 43-54 (1971).[1] *See Lacy I*, Dkt. No. 20.

discretionary, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process."). The exhaustion-of-state-remedies doctrine "reflects a policy of federal-state comity" designed to give a State "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). The court generally may not grant relief on an unexhausted claim. *See* 28 U.S.C. § 2254(b)(1).

**B.    Analysis**

Respondent argues that the petition should be dismissed because only Claim Nos. 1 and 2 are exhausted, and that Claim No. 3 (ineffective assistance of counsel ("IAC")) is unexhausted. Respondent points out that Petitioner acknowledges the failure to exhaust in the petition. In response to the question whether any of the claims raised were not previously presented to any other court and why, Petitioner wrote: "Claim three because it had just recently occurred and I was told by jails legal services to file with this habeas corpus." Dkt. No. 1 at 5-6. There is nothing in the record indicating that Petitioner has presented this claim to the state courts, and Petitioner does not dispute that Claim No. 3 (ineffective assistance of trial counsel) is unexhausted. Respondent requests that this petition be dismissed for failure to exhaust state court remedies as to all claims unless Petitioner moves to amend the petition to delete his unexhausted claim. The Court GRANTS Respondent's motion to dismiss this petition for failure to exhaust state court remedies as to all claims and requires Petitioner to make an election.

**C.    Requiring Petitioner to Make an Election**

Petitioner's federal petition for a writ of habeas corpus contains both exhausted and unexhausted claims and therefore is a "mixed" petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. *See Rose*, 455 U.S. at 522; *cf.* 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust).

3

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d), the Court is reluctant to dismiss the mixed petition (and quite possibly cause a later-filed petition to be time-barred) without giving Petitioner the opportunity to choose how to proceed. Accordingly, instead of an outright dismissal of the action, this Court will allow Petitioner to choose whether he wants to: (1) dismiss the unexhausted Claim No. 3 and go forward in this action with only the exhausted Claim Nos. 1 and 2; or (2) dismiss this action and return to state court to exhaust Claim No. 3 before filing a new federal petition presenting all of his claims; or (3) file a motion for a stay of these proceedings while he exhausts Claim No. 3 in the state courts. Petitioner is cautioned that each of the options have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. *See* 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred. *See* 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this Court to obtain a stay and (if the motion is granted) then must act diligently to file in the state courts, to obtain a decision from the state courts on his unexhausted claims, and to return to this Court. And under option (3), this action stalls: this Court will do nothing further to resolve the case while Petitioner is diligently seeking relief in state court. In *Rhines*, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions.[2] The Supreme Court cautioned

---

[2] There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but the procedure often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 664 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43.

district courts against being too liberal in allowing a stay because a stay works against several of the purposes of AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. Any stay must be limited in time to avoid indefinite delay. *Id.* Reasonable time limits would be thirty (30) days to get to state court, as long as necessary in state court, and thirty (30) days to get back to federal court after the final rejection of the claims by the state court. *See id.* at 278; *Kelly*, 315 F.3d at 1071. If Petitioner files a motion for a stay, he must show that he satisfies the *Rhines* criteria or must comply with the *King*/*Kelly* requirements.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. Respondent's motion to dismiss is GRANTED. Dkt. No. 6.

2. Within **twenty-eight (28) days** from the date of this order, Petitioner must file a notice in which he states whether he chooses to (1) dismiss the unexhausted Claim No. 3 and go forward in this action with only the exhausted Claim Nos. 1 and 2; or (2) dismiss this action and return to state court to exhaust Claim No. 3 before filing a new federal petition presenting all of his claims; or (3) file a motion for a stay of these proceedings while he exhausts Claim No. 3 in the state courts. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Notice of Choice by Petitioner" and states simply: "Petitioner chooses to proceed under option ___ provided in the Order Granting Motion to Dismiss for Failure to Exhaust State Remedies; Requiring Election by Petitioner." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), within thirty (30) days from the date of this order, Petitioner must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claims

5

in state court before presenting them to this Court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. If Petitioner does not choose one of the three options or file a motion by the deadline, the Court will dismiss the unexhausted Claim No. 3 and issue a separate order requiring Respondent to show cause why relief should not be granted on the remaining Claim Nos. 1 and 2.

This order terminates Dkt. No. 6.

**IT IS SO ORDERED.**

Dated: 2/11/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge