UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROY DONOVAN LACY,

    Petitioner,

v.

PAUL MIYAMOTO,

    Respondent.

Case No. 21-cv-03377-HSG

**SECOND ORDER TO SHOW CAUSE**

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 25, 2021, the Court found that the petition stated the following cognizable claims for federal habeas relief: (1) *Miranda* violation; (2) erroneous admission of Petitioner's statement made in a separate case; and (3) ineffective assistance of trial counsel. Dkt. No. 3. On February 11, 2022, granted Respondent's motion to dismiss Claim No. 3 as unexhausted, and ordered Petitioner to elect by March 17, 2022, how he wished to proceed. ECF No. 9. The Court informed Petitioner that if he did not elect one of three specified options, or file a motion for stay if appropriate, by the deadline, the Court would dismiss the unexhausted Claim No. 3 and issue an order requiring Petitioner to show cause why relief should not be granted n the remaining Claim Nos. 1 and 2.

The deadline to make an election has passed, and Petitioner has not communicated with this Court. Accordingly, the Court DISMISSES Claim No. 3 as unexhausted for the reasons set forth in the Court's February 11, 2022 order and sets the following briefing schedule.

Within **ninety-one (91) days** of the issuance of this order, Respondent shall file with the Court and serve on Petitioner an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted

based on Petitioner's claims that his *Miranda* rights were violated and that the trial court erroneously admitted a statement that he made in a separate case. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

**IT IS SO ORDERED.**

Dated: 3/30/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

2