UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY DONOVAN LACY,<br>Petitioner,<br>v.<br>PAUL MIYAMOTO,<br>Respondent. | Case No. 21-cv-03377-HSG<br>**ORDER GRANTING MOTION TO SEAL**<br>Re: Dkt. No. 13 |

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now pending before the Court is Respondent's administrative motion to file under seal Petitioner's probation report, located at pages 1077-1100 of the clerk's transcript and docketed herein at Dkt. No. 13-3. Dkt. No. 13. For the reasons set forth below, this request is GRANTED.

Generally, documents filed on the docket are presumed to be available to the public. *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Valley Broadcasting Co. v. United States Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986).

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d

1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (quotation omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quotation omitted). The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret." After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quotation omitted).

Finally, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c). *Id.* at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (quotation omitted); *see also* Fed. R. Civ. P. 26(c).

Here, Respondent seeks to file under seal the probation report prepared in Petitioner's underlying criminal matter. Dkt. No. 13. This probation report is only tangentially related to the merits of this habeas petition. In addition, Cal. R. Ct. 8.45-8.47 requires that detailed personal information in a probation report be kept confidential. *See, e.g., People v. Connor*, 115 Cal.App.4th 669, 685 (2004) ("This, in general, we agree . . . that section 1203.04 in effect renders probation reports, or at least any detailed personal information contained in them, conditionally confidential 60 days after judgment is pronounced or probation granted, whichever is earlier."). Respondent has met the "good cause" standard.

2

Accordingly, the Court GRANTS Respondent's request to file under seal the probation report docketed at Dkt. No. 13-3. Dkt. No. 13-3 shall remain under seal until the conclusion of this case and any appellate proceedings. If counsel for Respondent does not request that the documents be returned following the conclusion of this case and any appellate proceedings, the documents will be destroyed in conformance with the normal records destruction policy of the United States Courts.

This order terminates Dkt. No. 13.

**IT IS SO ORDERED.**

Dated: 6/17/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge